**EXHIBIT A**

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 08 2018 11:28 AM

KEVIN STOCK
COUNTY CLERK
NO: 18-2-06177-1

*RECEIVED*
*Tacoma City Attorney*
*Civil Division*

DATE: 3/15/18 cpc

1

2

3

4

5

6

7        SUPERIOR COURT OF THE STATE OF WASHINGTON

8              IN AND FOR THE COUNTY OF PIERCE

9    ROBERT H. LUKE,
                                           NO.
10          Plaintiff,

11    vs.

12    THE CITY OF TACOMA, a municipal          COMPLAINT FOR DAMAGES
      corporation and the TACOMA POLICE
13    DEPARTMENT, a municipal subdivision of
      the City of Tacoma, SEAN GUSTAFSON,
14    FRANK KRAUSE, MIKE AKE and
15    DONALD RAMSDELL,

16          Defendants.

17  _____

18        COMES NOW the plaintiff, Robert H. Luke, by Daniel R. Kyler, of Rush, Hannula,

19    Harkins & Kyler, LLP and Christopher R. McLeod of the Law Offices of Christopher R.

20    McLeod and for cause of action against defendants, states and alleges as follows:

21                                          I.

22
                                        PARTIES
23
          1.1    Robert H. Luke is an unmarried adult man, resident of Pierce County,
24
25    Washington and at all times relevant hereto, was a resident of Pierce County,

COMPLAINT FOR DAMAGES- 1              RUSH, HANNULA, HARKINS & KYLER, L.L.P.
                                         4701 SOUTH 19TH STREET, SUITE 300
                                              TACOMA, WA 98402
                                           TACOMA: (253) 383-5388
                                             FAX: (253) 272-5105

1    Washington.

2        1.2    Defendant City of Tacoma and the Tacoma Police Department is a

3    municipal corporation and a subdivision of a municipal corporation under the laws of the

4    State of Washington and are located in Tacoma, Pierce County, Washington.

5        1.3    Individual defendants Gustafson, Krause, Ake and Ramsdell were at all

6    times employed by the City of Tacoma, Tacoma Police Department as law enforcement

7    officers, were primarily in the context of the litigation herein, administrators in the

8    Tacoma Police Department and at all times acting in that capacity and under color of

9    state law. Individual defendant Ramsdell is the Chief of Police for the City of Tacoma at

10

11   all times relevant hereto.

12                                    II.

13                         JURISDICTION AND VENUE

14       2.1    All acts, conduct and omissions alleged herein occurred in Pierce County,

15   Washington.

16       2.2    This Court has jurisdiction over the subject matter herein and the parties

17   hereto pursuant to RCW 4.12.025.

18       2.3    Venue is appropriate in Pierce County pursuant to RCW 4.12.020.

19                                    III.

20                         FACTUAL BACKGROUND

21

22       3.1    Plaintiff Robert H. Luke is a male, retired police officer, who was employed

23   by the City of Tacoma Police Department (hereinafter TPD) between November 1995

24   and October 2015, when he retired.

25

COMPLAINT FOR DAMAGES- 2

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19ᵗʰ STREET, SUITE 300
TACOMA, WA  98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

3.2     Plaintiff Luke worked as a patrolman throughout his time of employment with TPD. Between approximately 1999 and his retirement (except for a 1-year period) Robert Luke was designated as a Community Liaison Officer (hereinafter CLO) in Sector One, Three and Four of the City of Tacoma, which encompasses the region known as the Hilltop.

3.3     When Robert Luke was first assigned to work as a CLO, the Hilltop area in Tacoma had become a notoriously high crime area in which gang activity and gun violence as well as a burgeoning drug crisis, was generally recognized by the community and by law enforcement to have taken root.

3.4     Working with multiple police officers and other law enforcement personnel, most prominently his long-time partner Greg Hopkins, the community and other City, State and Federal agencies, Robert Luke was instrumental in reducing Hilltop crime and improving the quality of life for those in the Hilltop community. Robert Luke's efforts in this regard resulted in numerous awards and commendations for him and others associated with that work.

3.5     In approximately 2009, defendant Sean Gustafson approached plaintiff Robert Luke and Officer Greg Hopkins and told them that he had been tasked to "get rid of them" as CLOs. Robert Luke was then assigned to provide security to the Public Works yard clean-up/abatement crews.

3.6     Defendants Gustafson, Ake and Ramsdell served as police officers in the Special Investigations Division (hereinafter SID), the undercover drug enforcement unit of defendant TPD, prior to the tenure of plaintiff Robert Luke and Officer Greg Hopkins as CLOs. Lieutenant Gustafson continued to serve in the undercover drug unit of TPD

COMPLAINT FOR DAMAGES- 3

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA  98402
TACOMA: (253) 383-5388
FAX:  (253) 272-5105

1 while plaintiff Luke, Greg Hopkins and others took over primary responsibility for
2 providing police services in the Hilltop area of Tacoma.

3     3.7    During his tenure as a CLO on the Hilltop area of Tacoma, plaintiff Luke
4 received no substantial disciplinary action from TPD.

5     3.8    During his tenue as CLO, and until the time of his retirement from TPD,
6 plaintiff Robert Luke earned extra income by working off-duty jobs. Such off-duty work
7 was a common practice of TPD officers and of many of those command rank as well.
8

9     3.9    There are two (2) recognized and approved ways for TPD police officers
10 to obtain and accept off-duty work as police officers. Defendant Frank Krause, a
11 Command Officer assigned by TPD, administered the public's requests for police
12 officers for off-duty work. Members of the public could also make direct arrangements
13 with particular officers for off-duty work. Occasionally, plaintiff Robert Luke accepted
14 off-duty assignments coordinated through defendant Krause. Defendant Krause also
15 assigned off-duty work to himself in his capacity as the Command Officer assigned by
16 TPD to make off-duty work assignments in response to requests from the public or
17 because of special events.

18     3.10   As a result of plaintiff Robert Luke's good relations with various business
19 people and private citizens in the City of Tacoma, he was contacted directly by various
20 members of the public to provide off-duty services.
21

22     3.11   In approximately 2012, several specific incidents involving off-duty police
23 officer work involving plaintiff Robert Luke occurred. As a result of these specific
24 incidents, defendant Frank Krause became angry with plaintiff Robert Luke and
25 defendant Frank Krause threatened Robert Luke with a loss of referrals of off-duty work

COMPLAINT FOR DAMAGES- 4

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19ᵀᴴ STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1  through TPD. Defendant Frank Krause expressed to Robert Luke and others that he
2  resented plaintiff Robert Luke's receiving direct requests from members of the public for
3  off-duty work and not going through the TPD, and specifically defendant Frank Krause,
4  for assignment of off-duty work. However, defendant Krause was unable to prevent the
5  off-duty work that Robert Luke was receiving as it was not against any order or policy of
6  defendant City of Tacoma or TPD.

7  3.12  The off-duty work issue described herein was never subject to any formal
8  complaint, discipline or counseling by defendant TPD to plaintiff Robert Luke.
9

10  3.13  In approximately 2010, plaintiff Robert Luke obtained a part-time relief
11  security officer position with the Port of Tacoma. The position obtained by plaintiff
12  Robert Luke with the Port of Tacoma, was **not** an "off-duty employment" in Robert
13  Luke's capacity as a Tacoma Police Officer.

14  3.14  As part of his employment with TPD, plaintiff Robert Luke was issued his
15  own police vehicle which he was permitted to use for off-duty TPD officer work received
16  through the Department and which he was permitted to drive to his home and leave the
17  vehicle overnight. Plaintiff Robert Luke was never told, advised or instructed that he
18  could not use this police vehicle under any circumstances in which to transport himself
19  to any other off-duty work that was not obtained through TPD where plaintiff Robert
20  Luke was going to have to go directly from that employment to his employment at the
21  City of Tacoma Police Department. Subsequent to the events described herein, plaintiff
22
23  Robert Luke learned that defendant Gustafson did describe such a prohibition to one
24  other TPD officer, but that information was never communicated orally or in writing or in
25  any other fashion or by policy to plaintiff Robert Luke.

COMPLAINT FOR DAMAGES- 5

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19ᵀᴴ STREET, SUITE 300
TACOMA, WA  98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1    3.15   In or about August 2013, plaintiff Robert Luke was employed as an off-
2  duty TPD officer at a motel in the Tacoma, Pierce County area. The employment with
3  the motel ended at approximately 2:00 a.m. Plaintiff Robert Luke had driven to the
4  motel in an unmarked TPD patrol vehicle. After the motel off-duty job ended, plaintiff
5  Robert Luke drove his unmarked TPD vehicle home. In the remaining early morning
6  hours following the work for the motel, plaintiff Robert Luke received an urgent
7  telephone call from the Port of Tacoma requesting immediate assistance because of a
8  protest being staged in the Port of Tacoma. Both TPD officers and Port of Tacoma
9
10  employees were responding to the protest event. At the time of this request, Robert
11  Luke only had available to him his TPD unmarked vehicle. Robert Luke drove his TPD
12  unmarked vehicle to the Port of Tacoma. After arriving, and setting up, Luke found that
13  defendant Krause was at the Port of Tacoma to coordinate "special events" involving
14  the protest. Defendant Krause observed plaintiff Robert Luke and inquired of Robert
15  Luke if the vehicle that was there with Robert Luke was his assigned TPD unmarked
16  vehicle. Plaintiff Robert Luke confirmed that it was. Defendant Krause asked Robert
17  Luke to explain, why Robert Luke had his unmarked TPD vehicle at the Port. Plaintiff
18  Robert Luke began to explain when defendant Krause abruptly stopped listening and
19  exited the scene in a rapid manner, almost striking a moving car in the process.
20  Defendant Krause then filed an Internal Affairs complaint against plaintiff Robert Luke
21  arising out of this incident.
22

23    3.16   The Internal Affairs hearing on defendant Krause's complaint as described
24  herein was heard within approximately eight (8) months. The list of charges against
25  plaintiff Robert Luke arising from defendant Krause's complaint, included:

COMPLAINT FOR DAMAGES- 6

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1 untruthfulness, insubordination, behavior unbecoming a Tacoma Police Officer, and
2 improper use of a TPD vehicle. A violation finding was rendered in that hearing. The
3 penalty was a loss for one (1) year of any off-duty work to be assigned by the
4 Department, revocation of the assigned unmarked TPD vehicle and two (2) days off
5 without pay. The hearing result was grieved. A hearing on that grievance is pending.

6    3.17   In March 2014, plaintiff Robert Luke's son received a traffic ticket in the
7 City of Lakewood. City of Lakewood has a cooperation agreement with TPD so that if
8 officers serving in the TPD may be assigned to the City of Lakewood.
9

10   3.18   Plaintiff Robert Luke wanted to make sure that his son had been
11 respectful to the City of Lakewood officer that had issued the ticket, so he called the
12 officer who had issued the citation, but got no call back. Plaintiff Robert Luke then
13 called the issuing officer's supervisor who advised that he would check with the officer
14 and call him back. Robert Luke received permission from his lieutenant to travel to the
15 City of Lakewood Police Station while on shift to pay his son's ticket. A complaint was
16 subsequently filed by a Lakewood lieutenant whom plaintiff Robert Luke had never
17 spoken to. The complaining lieutenant claimed or asserted in the complaint that Robert
18 Luke made statements when he was paying his son's ticket in the City of Lakewood that
19 implied that he was going to retaliate against Lakewood police officers in his jurisdiction
20 for the issuance of the ticket to his son. This complaint was completely false and
21 without any factual basis whatsoever.
22

23   3.19   Despite Robert Luke having permission to go to the City of Lakewood,
24 plaintiff Robert Luke received a second disciplinary citation initiated by the defendant
25 Mike Ake for conduct unbecoming an officer and leaving his duty post. Contrary to this

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA  98402
TACOMA: (253) 383-5388
FAX:  (253) 272-5105

1 | disciplinary citation, Robert Luke's lieutenant verbally advised him that the complaint
2 | from the Lakewood lieutenant was without any substantive issues, based on Robert
3 | Luke's lieutenant's knowledge of what had occurred, but his direct supervisor was over-
4 | ruled by the defendant Ake and the matter was sent to Internal Affairs.

5 |     3.20  As a result of the multiple disciplinary actions set forth herein, Internal
6 | Affairs investigators at TPD allegedly conducted an inquiry into the circumstances
7 | underlying these respective events and charges. Each disciplinary inquiry resulted in a
8 |
9 | report, and each report contained inaccuracies and unsupported inferences unfavorable
10 | to plaintiff Robert Luke. When these inaccuracies and improper inferences were
11 | brought to the attention of the TPD, the TPD then sought to discipline plaintiff Robert
12 | Luke anyway. Grievance of this is pending a hearing.

13 |     3.21  In the fall of 2015, Robert Luke was hired for a full-time position in the
14 | security department at the Port of Tacoma. He discussed this possible position with his
15 | immediate supervisor and was told that he was free to work a second job so long as he
16 | did all of his work at the TPD. On September 1, 2015, plaintiff Robert Luke began to
17 | work a graveyard shift at the Port of Tacoma before going to his day shift at TPD. The
18 | Port shift ended at 6:53 a.m. and Robert Luke's TPD shift was scheduled to begin at
19 | 7:00 a.m., subject to adjustment. The Port security office is located within the City of
20 |
21 | Tacoma.

22 |     3.22  The direction and advice plaintiff Robert Luke got from his immediate
23 | supervisor at the time of accepting the Port of Tacoma employment, was in keeping with
24 | the advice he had received from several of his prior TPD supervisors, all of whom had
25 | advised Robert Luke that off-duty work was permissible so long as it did not interfere

COMPLAINT FOR DAMAGES- 8

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1    with Robert Luke's TPD work. All of Robert Luke's supervisors had also advised Robert
2    Luke that as a CLO, his shift hours were flexible and so long as he could verify that he
3    had worked the allotted number of hours required by TPD, he could adjust his shift to
4    accommodate necessary deviations from any rigid schedule.

5        3.23    The freedom and ability as a CLO to deviate from a rigid schedule was in
6    fact a requirement of the duties of a CLO as posted in the TPD job announcements for
7    that position both during plaintiff Robert Luke's tenure as a CLO, and thereafter.
8    Deviation from a rigid preliminary schedule was the policy and the practice of CLOs in
9    Sector 1 and sanctioned by the CLO supervisors during plaintiff Robert Luke's tenure
10   with the TPD and the policy and practice used by many other officers in the course of
11   their work at the TPD. Despite this policy and practice, plaintiff Robert Luke was singled
12   out as described hereinafter for criminal charges, despite completely complying with the
13   requirements of a CLO, acting in the same fashion and with the same adherence to
14   policies and procedures that other TPD officers do, and were doing at the time in
15   question, including some specific TPD officers who were proven to be actually violating
16   the policies and procedures, committing "double dipping" and yet received no discipline
17   or other adverse action.
18
19       3.24    In the fall of 2015, plaintiff Robert Luke advised his direct supervisor that
20   he was anticipating retiring. Robert Luke advised his direct supervisor that he wanted to
21   work until November of 2015 in order to round out his full 32nd year of police work.
22   Shortly after this timeframe, various command personnel let it be known with the TPD
23   that they were unhappy with Robert Luke working double shifts on and off-duty for two
24   months or so and as a consequence of these statements and remarks, he immediately
25

COMPLAINT FOR DAMAGES- 9

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1 gave his notice of retirement on October 1, 2015. Following his retirement from the

2 TPD, Robert Luke continued his employment at the Port of Tacoma where he expected

3 to continue to work until he retired at some future date.

4    3.25    Despite plaintiff Robert Luke's abrupt retirement because of the express

5 dissatisfaction of command personnel regarding his off-duty employment, defendants

6 Ake and Gustafson ordered an investigation into whether plaintiff Robert Luke had been

7 stealing time from the TPD in order to work off-duty jobs.

8

9    3.26    TPD command personnel assigned Detective Sgt. Elizabeth

10 Schieferdecker to investigate Robert Luke on the question of whether he was stealing

11 time from TPD by claiming to have been at work at the TPD when he was in fact

12 working "off duty", thereby "double dipping". The assignment of this particular

13 investigating detective came despite the fact of the TPD command personnel being

14 expressly aware that this detective had a professional history with plaintiff Robert Luke

15 that made her judgment as to Robert Luke questionable and despite the fact that

16 Detective Schieferdecker had made unfounded accusations against plaintiff Robert

17 Luke for misconduct against her, which were investigated and found false, for which she

18 received from the TPD a verbal warning for her conduct.

19

20    3.27    Prior to Detective Schieferdecker's investigation, the Port of Tacoma

21 supervisor of Robert Luke was personally visited by defendant Assistant Chief Michael

22 Ake. Defendant Assistant Chief Ake told the Port of Tacoma security supervisors that

23 there was a State regulation that prohibited Robert Luke from working the two jobs for

24 the TPD and Port of Tacoma, that it was against TPD policy, confirmed that there was

25 an investigation being undertaken regarding Robert Luke and his commission of a

COMPLAINT FOR DAMAGES- 10

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1    crime. Defendant Assistant Chief Michael Ake also told the Port of Tacoma that plaintiff
2    Robert Luke had left the TPD in "bad standing", without the explanation detail on what
3    would constitute bad standing in the context of the TPD nomenclature.

4        3.28   Defendant Assistant Chief Ake's statements about State regulations and
5    TPD policy made to officials at the Port of Tacoma, were substantially inaccurate,
6    untrue and made to put Robert Luke in a false light. Following these comments, and
7    the filing of charges asserted by the TPD, Robert Luke lost his job at the Port of
8
9    Tacoma.

10       3.29   Detective Schieferdecker went to the Port of Tacoma in the course of her
11   investigation where she obtained the Port of Tacoma's timecard records for plaintiff
12   Robert Luke and where she told those who had just hired Robert Luke full time that she
13   was investigating him criminally and that an indictment would be forthcoming on felony
14   charges.

15       3.30   At no time during the investigation undertaken by Detective
16   Schieferdecker did she or anyone else from the TPD interview, or attempt to interview,
17   Robert Luke about what had occurred. At no time did Detective Schieferdecker
18   interview, or attempt to interview, Robert Luke's past supervisors at the TPD about the
19   relevant issues and/or about the eventual charges. At no time did Detective
20
21   Schieferdeck interview, or attempt to interview any of plaintiff Robert Luke's patrol
22   partners and/or CLOs. Detective Schieferdecker did interview several people plaintiff
23   Robert Luke did not work with. The investigation did not receive information from or
24   consult those who had actually worked with plaintiff Robert Luke about whether or when
25   he claimed to have been at work at TPD, he actually was at work there for his full paid

COMPLAINT FOR DAMAGES- 11

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1  time.

2      3.31  Shift assignments at TPD at the time of the incidents and conduct
3  described herein are recorded on a program called Telestaff which provides a
4  framework for making certain that all sectors of the City of Tacoma are covered by
5  officers at all times. The Telestaff staffing grid is a projection of future coverage and in
6  practice, it results in numerous adjustments by numerous officers in every pay period.
7  Telestaff is not an inflexible system and does not require command authority for any
8  supervisor of any officer to deny a reasonable adjustment on a prior or post conduct
9  basis. Telestaff is not the standard by which actual shifts of TPD officers are
10  documented.
11

12      3.32  Detective Schieferdecker, the investigator herein herself has adjusted her
13  shifts many times from what was assigned to her prospectively on the Telestaff system.
14  A complaint about this fact was in fact filed against Detective Schieferdecker with the
15  TPD and the TPD did not investigate that complaint.

16      3.33  Each and every shift adjustment made by plaintiff Robert Luke during the
17  period covered by Detective Schieferdecker's investigation was authorized by an
18  immediate supervisor. This is established by the fact that TPD policy provides that it is
19  the officer's timecard which is countersigned by the officer's supervisor after the officer
20  has worked the officer's specific shift that is the basis for the issuance of the officer's
21  pay. Plaintiff Robert Luke always had his timecards countersigned by his shift
22  supervisors.
23

24      3.34  Contrary to the City of Tacoma and the TPD, shift assignments at the Port
25  of Tacoma are done on a grid system and the Port of Tacoma system assignments are

COMPLAINT FOR DAMAGES- 12

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1  not easily changed. Employees are expected to punch a time clock in and out, and their
2  pay hour is rounded up so that time worked is differentiated for pay purposes, not in
3  minutes, but in quarter of an hour increments. The time clocks are at different locations
4  in the Port of Tacoma and are not coordinated so as to all be synchronized to the
5  minute.

6      3.35  On the basis of Detective Schieferdecker's investigative report, plaintiff
7  Robert Luke was charged with theft in the second degree under RCW 9A.56.040. He
8  surrendered himself for processing at the Pierce County Courthouse where he was
9  fingerprinted, photographed and formally charged. He then had to appear for
10  arraignment, and subsequently at numerous open court appearances. All of this
11  resulted in a year-long public humiliation of a long-serving, dedicated law enforcement
12  officer, in a setting chosen to present him in the worst possible light to his colleagues,
13  the public he had served, and the courts. Due to court errors, warrants were issued for
14  his arrest. He was given an alias and he was obliged to repeatedly appear for court
15  appearances. During this time, an individual from the TPD contacted plaintiff Robert
16  Luke's mortgage company to notify it of Robert Luke's circumstances and the charges
17  filed against him in an effort to undo his favorable mortgage.
18

19      3.36  Plaintiff Robert Luke was forced to incur the expense of hiring a criminal
20  defense attorney. Robert Luke lost his job with the Port of Tacoma. Robert Luke was
21  persona non grata with others for whom he had in the past performed off-duty work.
22  Other TPD officers who had actually been followed by investigators and proven to have
23  been falsely claiming to be at work for TPD while receiving duplicate pay from an off-
24  duty employer were not treated in such a fashion, were not so humiliated, were not
25

COMPLAINT FOR DAMAGES- 13

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19™ STREET, SUITE 300
TACOMA, WA  98402
TACOMA: (253) 383-6388
FAX: (253) 272-5105

1  charged with a crime, and in one known case, an officer was actually promoted after
2  documented theft of City time.

3      3.37  In order to meet his financial obligations to his children who were enrolled
4  in college, plaintiff Robert Luke attempted to continue to work. Robert Luke obtained a
5  job at the gun counter and sports shop at a Fred Meyer, but was fired because a
6  background check following on his employment application showed he was facing a
7  felony charge by the City of Tacoma. Thereafter, Robert Luke worked for a company
8  that stripes highways and lays concrete as a day laborer, beginning that heavy, physical
9  work at the age of 55 years.
10

11     3.38  After approximately one year of preliminary case management, the
12  criminal charges against plaintiff Robert Luke in Pierce County Superior Court were
13  dismissed. The charging of Robert Luke with these felony criminal offenses had been
14  reported and published in the local newspaper and Robert Luke's reputation had been
15  irreparably damaged by the attention to these charges by the law enforcement
16  community and the public. The dismissal of the felony criminal charges against him did
17  not result in any further corrective, positive news coverage.

18     3.39  As a result of the emotional strain that plaintiff Robert Luke underwent,
19  having been publicly branded as a criminal after his career of attempting to prevent that
20  kind of behavior, plaintiff Robert Luke developed a full body psoriasis that caused
21  cracking and bleeding of his skin and itching so powerful that he was tormented daily
22  and frequently unable to sleep. The cracking of his skin made it extremely painful to
23  even grasp a shovel which is something he had to do almost continuously in the only
24  employment he could obtain.
25

COMPLAINT FOR DAMAGES- 14

1

2      3.40   Plaintiff Robert Luke's loss of his employment at the Port of Tacoma also
3  meant that plaintiff Robert Luke lost his medical insurance so he had to endure the
4  emotional and physical sequelae of what he had been put through by the defendants
5  without the benefit of ready-access to medical care. Because of the loss of income, he
6  was not able to both meet the financial needs of his children and the financial needs to
7  care for his own medical circumstances. He opted to support his children, which
8  prolonged and intensified his ailments.
9

10     3.41   Plaintiff Robert Luke has been re-employed at the Port of Tacoma. He
11  continues to work there at this time.

12     3.42   No defendant has taken any steps to restore the reputation of plaintiff
13  Robert Luke as an honest policeman who retired without the stain of any crime being
14  proven against him.

15     3.43   Plaintiff Robert Luke has filed a tort claim against the defendant City of
16  Tacoma, the named defendants herein and the TPD. Attached hereto as **Exhibit A**,
17  incorporated herein by reference as though fully set forth herein, is a true and correct
18  copy of Robert Luke's Claim. More than 60 days have elapsed since the filing of this
19  Claim with the City of Tacoma and the claim is now ripe for this lawsuit to be filed.
20

21     3.44   Defendant Sean Gustafson personally engaged in tortious conduct
22  towards Robert Luke in that he defamed Robert Luke, he conspired and/or participated
23  in the decision to charge Robert Luke with a crime, all in a way that was inconsistent
24  with the policies and procedures applied to other officers employed by TPD reflecting
25  disparate treatment of plaintiff Robert Luke.

COMPLAINT FOR DAMAGES- 15

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1

2       3.45   Defendant Frank Krause personally engaged in tortious conduct toward

3   Robert Luke in that he manufactured discipline against Robert Luke which was reckless

4   and unwarranted, leading to a loss of stature and income.

5       3.46   Defendant Michael Ake personally engaged in tortious conduct toward

6   Robert Luke in that he made false statements to others which would place Robert Luke

7   in a false light and used his position of power and authority with the defendants TPD

8   and City of Tacoma to violate plaintiff Robert Luke's constitutional rights and to engage

9   in a personal vendetta.

10

11      3.47   Under TPD Chief Donald Ramsdell, the TPD's use of disciplinary action

12  against TPD officers has been selective, inconsistent and targeted against officers with

13  whom certain command personnel have animus.  Despite written policy to the contrary,

14  defendant Chief Ramsdell has permitted a de facto policy of use of disciplinary

15  procedure for punitive and political purposes, at times personal vendettas, against

16  disfavored officers who have not exhibited sufficient subservience and loyalty to certain

17  command personnel, including the named defendants herein.  This de facto practice

18  and policy disadvantages targeted officers on the basis race, medical condition, age, as

19  well as personal animus for reasons having nothing to do with job performance, but

20  having everything to do by certain officers' relationship with certain command

21  personnel, specifically including the named defendants herein.

22

23      3.48   All defendants have acted in a manner that was reckless in disregarding

24  Robert Luke's constitutional rights, his right to be free from false light, public ridicule,

25  defamation and a tortious interference with his economic relations.

COMPLAINT FOR DAMAGES- 16                    RUSH, HANNULA, HARKINS & KYLER, L.L.P.
                                             4701 SOUTH 19TH STREET, SUITE 300
                                             TACOMA, WA  98402
                                             TACOMA: (253) 383-6388
                                             FAX: (253) 272-5105

## IV.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Substantive and Procedural Due Process)

4.1    The individual defendants herein, individually and collectively on behalf of the named defendant entities who employ them, acted recklessly and with wilful disregard, arbitrarily and capriciously of the constitutional protections of citizens, its employees including Robert Luke in the conduct herein described and acting under the color of State law deprived plaintiff Robert Luke of rights secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.  This conduct of the individual defendants herein constituted defacto policy and practice within the context of the Tacoma Police Department.

### SECOND CAUSE OF ACTION
### (False Light)

4.2    Defendants individually and on behalf of defendant City of Tacoma and TPD had a duty to respect the reputation of Robert Luke and to not falsely, maliciously, recklessly and wilfully place Robert Luke in a false light before his community, his co-employees, his former law enforcement employees and his employer.

4.3    Defendant Michael Ake specifically, and the conduct of the defendants City of Tacoma and TPD based on the assent and direction of the other individually named defendants herein,  undertook an investigation and sought to bring charges against Robert Luke which were false, unsupported by any record and placed him in a false light.

### THIRD CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

4.4    Defendants negligently and recklessly inflicted emotional distress on

COMPLAINT FOR DAMAGES- 17

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA  98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1  Robert Luke through their individual and cumulative conduct in the events and
2  circumstances as alleged herein.

3                          **FOURTH CAUSE OF ACTION**
4                            **(Disparate Treatment)**

5       4.5     Defendants individually and collectively subjected plaintiff Robert Luke to
6  disparate treatment during and after his employment with the TPD with the initiation of
7  criminal charges including the conduct of the individual defendants in placing Robert
8  Luke in a false light and in tortiuously interfering with his economic relations.

9                          **FIFTH CAUSE OF ACTION**
10      **(Tortious Interference with Economic Relations by Defendants)**

11      4.6     The individual defendants, individually and collectively, tortiuously
12 interfered with Robert Luke's economic relations in conspiring and creating
13 circumstances that would result in his termination of his employment with the Port of
14 Tacoma and in other jobs which he was qualified because of his experience,
15 background and training as a law enforcement officer.

16                          **SIXTH CAUSE OF ACTION**
17                            **(42 USC §1983)**

18      4.7     Defendants individually and collectively violated Robert Luke's
19 constitutional rights and subjected him to reckless, wilful and wanton conduct for which
20 defendants individually and on behalf of the City of Tacoma and TPD collectively are
21 liable for Robert Luke's special, general and punitive damages, all in an amount to be
22 proven at the time of trial.

23      4.8     As a direct and proximate result of defendants' conduct as alleged herein,
24 Robert Luke suffered injury and damage to his person, to his reputation, to his good
25 name, his constitutional rights were damaged and infringed, he lost income, suffered

COMPLAINT FOR DAMAGES- 18

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19TH STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105

1   physical injury and damage, suffered disability, some of which damages may be long-

2   lasting and permanent, all in an amount to be proven at the time of trial.

3       WHEREFORE, Robert Luke prays for damages for all special and general

4   damages as alleged herein, for punitive damages against the individually-named

5   defendants for their reckless, wilful and wanton conduct, for an award of reasonable

6   attorney's fees by statute where permitted and for such other and further relief as the

7   Court may find fair and just.

8       DATED this _____6th_____ day of _____March_____, 2018.

9

10                          RUSH, HANNULA, HARKINS & KYLER, LLP
                            Attorneys for Plaintiff
11
12                          By: _____
                                 Daniel R. Kyler, WSBA #12905
13

14                          LAW OFFICE OF CHRISTOPHER R. McLEOD
                            Attorneys for Plaintiff
15
16                          By: _____
                                 Christopher R. McLeod, WSBA #14190
17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES- 19

RUSH, HANNULA, HARKINS & KYLER, L.L.P.
4701 SOUTH 19th STREET, SUITE 300
TACOMA, WA 98402
TACOMA: (253) 383-5388
FAX: (253) 272-5105